IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DARCY EDGAR**, | Case No. 3:14-cv-0267-SI |
| Plaintiff, | **ORDER** |
| v. | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

On December 15, 2014, the Court remanded this case for further proceedings, based on the stipulation of the parties. On February 17, 2015, the Court granted Plaintiff's stipulated application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,729.55.

Plaintiff's counsel now moves for attorney's fees of $16,380 pursuant to 42 U.S.C. § 406(b). If awarded the requested § 406(b) attorney's fees, Plaintiff's counsel will reimburse Plaintiff the $1,729.55 EAJA fee award.[1] Thus, Plaintiff's counsel seeks net attorney fees in the

---

[1] Plaintiff's counsel has also requested a $6,000 agency fee award under 42 U.S.C. § 406(a). Fee awards under § 406(a), however, are not considered by the district court in analyzing fee requests under § 406(b). *See Clark v. Astrue*, 529 F.3d 1211 (9th Cir. 2008).

PAGE 1 – ORDER

amount of $16,380. Plaintiff's retroactive benefits totaled $135,909. Accordingly, the requested net § 406(b) attorney's fees represent approximately 12 percent[2] of Plaintiff's retroactive benefits.

Defendant objects to the requested amount in fees as resulting in a windfall because Plaintiff's counsel only submitted billing records reflecting 9.1 hours of time spent litigating this case in federal court. Thus, Defendant argues, the requested fees results in too high of an hourly rate and is an unreasonable windfall. The requested net amount in fees ($16,380) divided by the 9.1 hours of work equates to an hourly wage of $1820. For the following reasons, Plaintiff's counsel's motion for fees is granted.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793,

---

[2] Defendant asserts that Plaintiff's requested fees are eight percent of Plaintiff's retroactive benefits. It appears that Defendant's brief contains a mathematical error in calculating the percentage.

PAGE 2 – ORDER

808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 23-1. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $135,909 in back benefits, so the requested fee award resulting in fees of approximately 12 percent is well under the statutory maximum and the amount agreed upon in Plaintiff's contingency fee agreement.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case. Plaintiff's counsel achieved good results for Plaintiff (a stipulated remand for further proceedings), the representation of Plaintiff was professional, and there was no delay attributable to Plaintiff's counsel. The issue disputed by Defendant is whether

808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 23-1. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $135,909 in back benefits, so the requested fee award resulting in fees of approximately 12 percent is well under the statutory maximum and the amount agreed upon in Plaintiff's contingency fee agreement.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case. Plaintiff's counsel achieved good results for Plaintiff (a stipulated remand for further proceedings), the representation of Plaintiff was professional, and there was no delay attributable to Plaintiff's counsel. The issue disputed by Defendant is whether

808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See Id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and his counsel. ECF 23-1. Plaintiff agreed to pay attorney's fees not to exceed 25 percent of the back benefits awarded. Here, Plaintiff was awarded approximately $135,909 in back benefits, so the requested fee award resulting in fees of approximately 12 percent is well under the statutory maximum and the amount agreed upon in Plaintiff's contingency fee agreement.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case. Plaintiff's counsel achieved good results for Plaintiff (a stipulated remand for further proceedings), the representation of Plaintiff was professional, and there was no delay attributable to Plaintiff's counsel. The issue disputed by Defendant is whether

Plaintiff's counsel will receive a windfall. Plaintiff's counsel submitted time records showing 9.1 hours spent litigating this case in federal court. Defendant argues that this results in an unreasonably high hourly rate. The Court notes, however, that Plaintiff's counsel engaged in an efficient billing practice that the undersigned judge and other judges in this district have encouraged other attorneys to follow.

Specifically, Plaintiff's counsel did not bill a minimum of 0.1 hours for every email, for every review of an entry into the Court's docket or simple one-or-two sentence order by the Court, or for other administrative tasks. Judges in this district and elsewhere have been reducing attorney's fees requests that have included such time entries. *See, e.g.*, *Miller v. Schmitz*, 2017 WL 633892, at *7 (E.D. Cal. Feb. 15, 2017) (excluding time billed at 0.1 hour increments for receiving automatic ECF notices, because "[r]eceipt and review of these emails is entirely clerical in nature, particularly as Plaintiff's counsel billed separately to review the substantive underlying document, order, or minute order text"); *Mumford v. Eclectic Institute, Inc.*, 2016 WL 8711693, at *6 (D. Or. Apr. 29, 2016) ("[Plaintiff's counsel] has billed separately for each email sent or received on this matter at a standard rate of .1 hours. The Court is discouraged by this continued practice."); *Arnold v. Pfizer, Inc.*, 2015 WL 4603326, at *9 (D. Or. July 29, 2015) (cautioning that "the practice of billing .1 hour for each and every email masks excess and redundancies" and noting that "[w]hile the time spent reviewing the underlying documents is clearly compensable, it is difficult for the court to award such excessive time to glance at the ECF notices"). The Court is reluctant to penalize a practitioner for failing to include this type of time entry, which the Court encourages, but which then results in a lower number of hours and can then be argued to result in a windfall.

The Court also considers the circumstances of this specific case, and the fact that counsel chose to litigate only Plaintiff's strongest argument, achieving success on that argument with a stipulated remand. Some practitioners choose to litigate additional arguments that have little basis in law or fact, which would take more time and would result in a lower hourly rate, but do little to promote justice or efficiency. Moreover, the Court notes that effective hourly rates exceeding $1,000 have been approved in this district. *See, e.g.*, *Quinnin v. Comm'r*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving *de facto* hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867 (D. Or. July 21, 2013) (approving *de facto* hourly rate of $1,000); *Breedlove v. Comm'r*, 2011 WL 2531174 (D. Or. June 24, 2011) (approving *de facto* hourly rate of $1,041.84). Considering all of the unique factors of this particular case, the Court does not find that a downward adjustment is warranted.

## CONCLUSION

Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (ECF 23) is GRANTED. Plaintiff's counsel is entitled to attorney's fees in the amount of $16,380. The Commissioner is directed to issue Plaintiff's attorney a section 406(b) check in the amount of $16,380, less any applicable administrative assessment as allowed by statute. Upon receipt of the 406(b) check, Plaintiff's counsel shall refund to Plaintiff the $1,729.55 previously received by Plaintiff's counsel under the EAJA.

**IT IS SO ORDERED.**

DATED this 5th day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge